IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ROBERT ANTHONY CROSBY, #344-818,   *

    Petitioner   *

       v.   *     Civil Action No. DKC-16-3481

MARYLAND DEPARTMENT OF
CORRECTIONS, and   *
THE ATTORNEY GENERAL OF THE
STATE OF MARYLAND,   *

    Respondents   *
                             ***

**MEMORANDUM OPINION**

On October 17, 2016,[1] Petitioner Robert Anthony Crosby filed this 28 U.S.C. § 2254 (2012) habeas corpus Petition attacking his 2007 convictions for distributing cocaine and conspiracy to distribute cocaine. ECF No. 1. On December 21, 2016, Respondents filed an answer solely addressing the timeliness of Petition. ECF No. 5. After being advised of his right to do so, Petitioner responded to the answer. ECF Nos. 6, 7. Subsequently, this Court ordered the Respondents to address the merits of the Petition. ECF No. 8. The Respondents have done so, and Petitioner has replied to these arguments. ECF Nos. 12, 13.

This matter has been fully briefed. Upon review, the court finds no need for an evidentiary hearing. *See* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts;* Local Rule 105.6 (D. Md. 2016); *see also Fisher v. Lee*, 215 F.3d 438, 455 (4th Cir. 2000) (Petitioner not entitled to hearing under 28 U.S.C. § 2254(e)(2)). For the reasons set forth herein, the Court will deny and dismiss the Petition with prejudice.

---

[1] Petitioner avers that this is the date he mailed the Petition. ECF No. 1 at 15. Because Petitioner is incarcerated, he is entitled to the benefit of the prison mailbox rule, which provides that a prisoner's filing of a court document is complete on the date he or she gives the document to prison officials for mailing. *See Houston v. Lack*, 487 U.S. 266, 270-72 (1988).

## FACTUAL & PROCEDURAL HISTORY

Following a jury trial in the Circuit Court for Washington County, Maryland, Petitioner was convicted of distributing cocaine and conspiracy to distribute cocaine. ECF No. 1 at 1. On July 6, 2007, he was sentenced to 40 years' imprisonment for the distribution conviction, with the first 25 years to be served without the possibility of parole. ECF No. 1 at 1; ECF No. 4-1 at 9. He received a concurrent term of 20 years' imprisonment for the conspiracy conviction. ECF No. 4-1 at 9. Petitioner noted a timely appeal. In an unreported opinion filed on July 23, 2009, the Court of Special Appeals of Maryland affirmed the convictions. ECF No. 5-2. A petition for a writ of certiorari was denied by the Court of Appeals of Maryland on November 13, 2009. *Crosby v. State*, 938 A.2d 432 (Md. 2009). Petitioner did not seek review by the United States Supreme Court. Thus, his convictions became final on February 11, 2010, when the time for seeking further review expired. *See* Sup. Ct. Rule 13.1 (petition for writ of certiorari to be filed no later than 90 days after entry of judgment from which review is sought).

On October 2, 2013, more than three years after his conviction became final, Petitioner filed a petition for post-conviction relief ("PCR") pursuant to the Maryland Uniform Post-Conviction Procedure Act, Md. Code Ann., Crim. Pro. § 7-102, *et seq.* ECF No. 5-1 at 10; ECF No. 12-3 at 1. After conducting an evidentiary hearing, the court denied the PCR on July 6, 2015. ECF No. 12-3. Petitioner applied for leave to appeal this decision to the Court of Special Appeals, which denied his application on March 18, 2016. ECF No. 5-1 at 14. The Court of Special Appeals' mandate issued on April 8, 2016. ECF No. 5-1 at 14. The Clerk received Petitioner's § 2254 Petition on October 19, 2016. ECF No. 1.

## CLAIMS FOR RELIEF

In his § 2254 petition, Petitioner contends that he is entitled to habeas relief because the State committed *Brady*[2] violations when it: (1) "merely indicated that the forensic chemist was an expert and provided a lab report indicating the results of lab testing as well as a chain of custody," but failed to provide "additional information regarding the expert witness or lab testing"; and (2) disclosed that a confidential informant "was working 'in consideration for leniency in charges' . . . [but] failed to provide any additional information regarding [the informant], the specific charges she was facing, or the benefit she was receiving in exchange for her cooperation." ECF No. 1 at 5, 7. Petitioner also seeks habeas relief on the ground that his counsel was ineffective for allowing certain evidence to be presented to the jury regarding his alleged involvement in a prior unrelated robbery. ECF No. 1 at 8. Specifically, he refers to counsel's failure to move *in limine* to exclude such evidence, her decision to ask follow-up questions of a witness testifying about the robbery, and her failure to move for a mistrial or seek a curative jury instruction based on such testimony. ECF No. 1 at 8.

## DISCUSSION: TIMELINESS

Timeliness is a threshold consideration when examining Petitioner's claims. Pursuant to 28 U.S.C. § 2244(d),

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

---

[2] In *Brady v. Maryland*, 373 U.S. 83 (1963), the Supreme Court held that the withholding by the prosecution, whether or not the prosecution acted in good faith, of evidence favorable to an accused upon request violates due process where the evidence is material either to a defendant's guilt or punishment.

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

This one-year period is, however, tolled while properly filed post-conviction proceedings are pending. § 2244(d)(2).

The limitations period may also be equitably tolled. In order to be entitled to equitable tolling, Petitioner must establish that some wrongful conduct by Respondents contributed to the delay in filing the post-conviction petition or that circumstances outside Petitioner's control caused the delay. *See Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003); *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000). The application of equitable tolling must be "guarded and infrequent," and "reserved for those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Harris*, 209 F.3d at 330. To the extent delay might be attributed to Petitioner's lack of understanding of the law, unfamiliarity with the law may not be used to justify equitable tolling. *See United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004).

## A. Prosecutorial Misconduct Claims

Under § 2244(d)(1)(A), the Petition is clearly untimely as to the Petitioner's prosecutorial misconduct[3] claims. As previously noted, Petitioner's judgment became final on February 11,

---

[3] Although he cites *Brady* in connection with his claims regarding the prosecutor, Petitioner does not allege that any of the evidence at issue is exculpatory, which is a critical component of a *Brady* claim. Further, it does not appear from the record that such argument, if raised, would be meritorious.

2010. Thus, the one-year limitations period under § 2244(d)(1)(A) expired on February 11, 2011, two and a half years before Petitioner sought state or federal habeas review. Petitioner does not argue, nor does it appear from the record, that subsections (B) or (C) of § 2244(d)(1) are applicable to the instant case. Instead, Petitioner contends that the prosecutorial misconduct claims are timely under § 2244(d)(1)(D) because "the date on which the factual predicate of the [the prosecutorial misconduct claims] could have been discovered through the exercise of due diligence" was June 8, 2015.[4] ECF No. 7 at 2-3. It was on this date that the PCR court conducted an evidentiary hearing at which the State's Attorney testified. *See generally* ECF No. 13-2 (PCR hearing transcript). According to Petitioner, the State's Attorney testified that he failed to provide Petitioner with certain laboratory testing materials that were required under Md. Rule 4-263,[5] and failed to provide the specific details regarding the benefits that the confidential informant would receive in exchange for testifying against Petitioner. ECF No. 7 at 3-5. Petitioner claims that he did not discover these facts until the State's Attorney testified to them at the PCR hearing, thereby triggering § 2244(d)(1)(D).

The court concludes that the limitations period under § 2244(d)(1)(D) does not apply to Petitioner's prosecutorial misconduct claims. It appears that Petitioner erroneously interprets § 2244(d)(1)(D)'s language "could have been discovered" as being synonymous with the date of actual discovery. As to the testing materials, this claim "could have been discovered" at the time

---

[4] Because properly filed PCR proceedings were pending on this date and those proceedings did not end until April 7, 2016, Petitioner ultimately argues that, by operation of both § 2244(d)(1)(D) and (d)(2), the one-year limitations period did not begin running until April 8, 2016. ECF No. 7 at 2.

[5] Rule 4-263 does not specifically identify the types of testing materials that are discoverable. However, in 2003, the Maryland Court of Appeals applied Rule 4-263 in the context of laboratory testing materials and ruled that laboratory written standard operating procedures, calibration records, proficiency testing records of the scientist, and other related scientific testing materials were discoverable under Rule 4-263 where relevant. *Cole v. State*, 835 A.2d 600, 609-10 (Md. 2003).

of trial by comparing the testing materials provided by the State with the testing materials that the Maryland Court of Appeals identified as discoverable in its 2003 opinion *Cole v. State*, 835 A.2d 600 (Md. 2003). That Petitioner may have personally been unaware of the *Cole* case until his PCR hearing does not save his argument, as it was publically accessible—and thus "could have been discovered"—at the time of trial.[6]

Petitioner's claim regarding the informant's specific benefit for testifying fails for a similar reason. Petitioner acknowledges that the state informed him generally during discovery that the informant was testifying in exchange for leniency, ECF No. 1 at 7, and he states that "the extent of [the informant's] deals were provided through [trial] testimony," ECF No. 7 at 5. The significance, if any, of the difference between the evidence about the informant that the Petitioner received during discovery and the evidence provided through trial testimony should have been apparent upon the witness' testimony at trial. Thus, even before the trial was over, "the factual predicate of the claim" not only "could have been discovered," § 2244(d)(1)(D), but was, in fact, known. Accordingly, Petitioner's claims regarding the prosecutor were filed beyond the one-year limitations period specified in § 2244(d)(1)(A)-(D). Petitioner does not argue, and the record does not indicate, that equitable tolling is applicable to the prosecutorial misconduct claims.

**B.    Counsel's Inaction Claim**

Next, the court turns to Petitioner's claim that trial counsel was ineffective for failing to take certain actions at various stages of the proceedings regarding evidence of Petitioner's prior bad act. Petitioner does not argue, and the record does not demonstrate, that the claim is timely under any of § 2244(d)(1)'s subsections. Instead, he appears to argue that equitable tolling

---

[6] In any event, it appears that Petitioner knew of *Cole*'s import before the PCR hearing, as he states that July 8, 2015 was the date he was "concretely made aware" that the State failed to provide some information about laboratory testing, but "it was presumed that this information should exist per law." ECF No. 7 at 4.

should apply. ECF No. 7 at 5-8. Under Petitioner's view, during his efforts to exhaust his state remedies as required under § 2254, the one-year limitations period would run and likely expire before he had the ability to submit a "properly filed [PCR] application" with the state that would toll the accrual of the limitations period under § 2244(d)(2). ECF No. 7 at 5-7.

Petitioner's argument must be rejected, as it is based on an erroneous premise. Petitioner appears to believe that exhausting state remedies and having a properly filed state PCR application are distinct and exclusive concepts, but this is not the case. In Maryland, exhaustion in a non-capital case can be accomplished by raising the claim in a direct appeal, if one is permitted, to the Court of Special Appeals of Maryland and then to the Court of Appeals of Maryland by way of a petition for writ of certiorari. *See* Md. Code Ann., Cts. & Jud. Proc., §§ 12-201, 12-301. Alternatively, exhaustion may be accomplished through post-conviction proceedings by filing a PCR application in the Circuit Court and an application for leave to appeal to the Court of Special Appeals if relief is denied in the Circuit Court. Md. Code Ann., Crim. Pro. § 7-109. If the Court of Special Appeals denies the application, there is no further review available and the claim is exhausted. Md. Code Ann., Cts. & Jud. Proc. § 12-202. However, if the application is granted but relief on the merits of the claim is denied, the petitioner must file a petition for writ of certiorari to the Court of Appeals. *Williams v. State*, 438 A.2d 1301, 1308 (1981).

Under the direct appeal approach to exhaustion, the limitations period would not run during the pendency of the appeal because there would not yet be a final judgment triggering § 2244(d)(1)(A). Under the post-conviction route, the limitations period would be statutorily tolled per § 2244(d)(2), provided that the petitioner sought State PCR review within one year of

the final judgment.[7]  Thus, the proper exhaustion of state remedies does not encroach on the one-year limitations period.

Further, the state's more generous ten-year limitations period for seeking PCR review has no effect on the one-year federal limitations period.  A petitioner can readily avail himself of both state and federal avenues for post-conviction review simply by:  (1) filing his PCR petition within one year of the entry of final judgment, and (2) ensuring that the time that elapses between the entry of final judgment and filing of the state PCR petition, coupled with the time that elapses between the dismissal of the state PCR petition and filing of the §2254 petition, totals less than one year.  Because Petitioner does not identify wrongful conduct by Respondents or other circumstances beyond his control which prevented him from taking these steps, Petitioner has not established that he is entitled to the benefit of equitable tolling, and this claim must also be dismissed as untimely.

## CONCLUSION

The Petition for habeas corpus relief will be denied and this case dismissed by separate order.  When a district court dismisses a habeas petition, a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  When a district court dismisses a habeas petition solely on procedural grounds, a petitioner satisfies this standard by demonstrating "(1) that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and (2) that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (internal quotation marks

---

[7]  If more than one year had passed between the entry of final judgment and the commencement of state PCR proceedings, there would be no time left for § 2244(d)(2) to toll.

8

omitted); *see Buck v. Davis*, 137 S.Ct. 759, 773 (2017). Because Crosby fails to satisfy this standard the Court declines to issue a certificate of appealability.[8]

A separate order follows.

January 9, 2018  _____/s/_____
DEBORAH K. CHASANOW
United States District Judge

---

[8] Denial of a certificate of appealability in the district court does not preclude Crosby from requesting a certificate of appealability from the appellate court.